UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80083-CR-MARRA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

CHRISTIAN MANUEL GUTIERREZ,

      Defendant.

_____/

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 31] issued by United States Magistrate Judge James M. Hopkins as to the Government's Oral Motion to Disqualify attorney Glenn H. Mitchell from representing Defendant Christian Manuel Gutierrez.

The Court has considered the Report and Recommendation, the pertinent parts of the record, Defendant's objections and being otherwise fully advised in the premises it is

**ORDERED and ADJUDGED** that the United States Magistrate's Report and Recommendation is hereby **ADOPTED AND AFFIRMED**.

Initially, the Court rejects Defendant's assertions that the record does not support a finding that Glenn H. Mitchell had an attorney-client relationship with Saul Zorrilla. The Magistrate Judge correctly found that the record evidence supports the conclusion that an attorney-client relationship did, in fact, exist. The Magistrate Judge also correctly found that the attorney-client relationship that did exist between Mr. Mitchell and Mr. Zorrilla is "substantially related" to the current representation. Therefore, a rebuttable presumption arose that confidential

information was disclosed by Mr. Zorrilla to Mr. Mitchell.  *See Freund v. Butterworth,* 165 F.3d 839, 859 (11th Cir. 1999).  Mr. Mitchell did not rebut that presumption.  The fact that Mr. Mitchell does not currently recollect whether any confidential information was disclosed, or the lack of records evidencing such disclosure, is insufficient to rebut the presumption.  *See United States v. Arnold,* 913 F. Supp. 2d 348, 350 (E.D. Pa. 1995).

Additionally, the Magistrate Judge correctly found that the conflict presented by Mr. Mitchell's dual representation is sufficiently serious to warrant disqualification despite the willingness of both clients to waive the conflict.  Particularly compelling in this case is the chilling effect on Mr. Mitchell's ability to advise Defendant relative to cooperating in this case against Mr. Zorrilla.  Thus, this Court finds it appropriate to refuse to accept the waivers in order to ensure the adequacy of Defendant's representation and to insure against future attacks over the adequacy of representation, the adequacy of the waiver and the fairness of the trial.

In view of the foregoing, the Government's Oral Motion to Disqualify attorney Glenn Mitchell from representing Defendant Christian Manuel Gutierrez is hereby **GRANTED**.  The Court hereby refers this matter back to the Magistrate Judge for a determination of whether Defendant will retain other counsel or whether he qualifies for the appointment of counsel.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of September, 2010.

                                 _____
                                 KENNETH A.  MARRA
                                 United States District Judge

Copies furnished to:
All counsel